IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARLEY-DAVIDSON CREDIT CORP.,

               Plaintiff,

v.                                                        OPINION and ORDER

JHD HOLDINGS INC., H2D MOTORCYCLE                     19-cv-155-jdp
VENTURES LLC, and SARA J. POMEROY,

               Defendants.

---

Plaintiff Harley-Davidson Credit Corp. has moved for an *ex parte* temporary restraining order under Federal Rule of Civil Procedure 65(b) against defendants HD Holdings, Inc., H2D Motorcycle Ventures LLC, and Sara J. Pomeroy. Dkt. 5. Harley-Davidson says that it is a floorplan lender and has a financing agreement with defendants, who are Harley-Davidson dealers. Harley-Davidson alleges that, since the fall of 2018, defendants have been selling their merchandise and retaining all the proceeds rather than using it to repay their loan to Harley-Davidson, as required by the agreement. In its motion, Harley-Davidson asked the court to temporarily restrain defendants from selling any more merchandise to prevent the loss of its security interest in the collateral.

The court held an *ex parte* telephonic hearing on the motion. Harley-Davidson appeared by counsel, Daniel Fleming.

At the hearing, the court stayed a decision on Harley-Davidson's motion. Although Harley-Davidson made a strong showing that it would succeed on the merits, the court was not persuaded that Harley-Davidson was entitled to the relief it requested, which would essentially require defendants to temporarily close their businesses without notice or an opportunity to be heard. The court directed Harley-Davidson to file a revised proposal that was more narrowly

tailored to Harley-Davidson's concerns, which was selling collateral without reporting it and using the proceeds to repay the loan.

The court has received a new proposed temporary restraining order from Harley-Davidson. Dkt. 15. The court has reviewed the proposal and will adopt it with minor modifications. In sum, defendants will be restrained from selling merchandise financed by Harley-Davidson unless they notify Harley-Davidson and remit the proceeds to Harley-Davidson, as required by the financing agreement.

In accordance with Rule 65(b), the court concludes that Harley-Davidson has shown that it will be irreparably injured without the temporary restraining order. Specifically, Harley-Davidson will lose its security interest in the collateral if defendants continue selling merchandise without remitting the proceeds to Harley-Davidson. Harley-Davidson has cited evidence that the injury will be irreparable because defendants do not otherwise have the means to repay the loans. The court also concludes that Harley-Davidson need not give security because the temporary restraining order doesn't require defendants to do anything other than comply with their contractual obligations. *Authenticom, Inc. v. CDK Glob., LLC*, No. 17-cv-318-jdp, 2017 WL 3017048, at *10 (W.D. Wis. July 14, 2017) (injunction bond not required when "there's no danger that the opposing party will incur any damages from the injunction") (internal quotations omitted).

The court will a hold a hearing to determine whether Harley-Davidson is entitled to preliminary injunctive relief, after defendants have notice and an opportunity to be heard.

ORDER

IT IS ORDERED that:

1. Plaintiff Harley-Davidson Credit Corp.'s motion for a temporary restraining order, Dkt. 5, is GRANTED as modified in the attachment to this opinion.

2. Harley-Davidson's motions to seal its submissions, Dkt. 10 and Dkt. 14, are DENIED as moot. The clerk of court is directed to unseal all docket entries in this case.

3. A hearing on the additional relief that Harley-Davidson is requesting will be held on Tuesday, March 5, at 1:00 p.m. in Courtroom 260, located at 120 North Henry Street, Madison, WI 53703.

4. Harley-Davidson must personally serve this order, the summons, the complaint, and all other court filings on all defendants today. If Harley-Davidson does not file proof of service with the court today, the court will rescind the temporary restraining order and postpone the hearing pending proof of service.

5. If defendants wish to file written materials in response to Harley-Davidson's motion, they may have until 8:00 a.m. on Tuesday, March 5, to do so.

Entered February 28, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge