IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARLEY-DAVIDSON CREDIT CORP.,

              Plaintiff,

  v.                                               OPINION and ORDER

JHD HOLDINGS INC., H2D MOTORCYCLE                  19-cv-155-jdp
VENTURES LLC, and SARA J. POMEROY,

              Defendants.

---

The court held a hearing on March 8, 2019, on plaintiff Harley-Davidson Credit Corp.'s motion for a temporary restraining order. Harley Davidson appeared by counsel, Daniel Fleming and Mark Thompson. Defendants HD Holdings, Inc., H2D Motorcycle Ventures LLC, and Sara J. Pomeroy appeared by counsel, Alon Stein.

Harley-Davidson is a floorplan lender and has a financing agreement with defendants, who are Harley-Davidson dealers. Harley-Davidson alleges that, since the fall of 2018, defendants have been selling their merchandise and retaining all the proceeds rather than using it to repay their loan to Harley-Davidson, as required by the agreement. Harley-Davidson filed this lawsuit on February 26, 2019, and its motion for a temporary restraining order the following day, after it discovered that defendants had recently sold approximately $400,000 of financed merchandise at auction without remitting the proceeds to Harley-Davidson. Harley-Davidson asked the court to temporarily restrain defendants from selling any more merchandise to prevent the loss of its security interest in the collateral.

After holding an *ex parte* telephone hearing on February 27, the court granted Harley-Davidson's motion in part, but modified its requested TRO. In sum, the court restrained defendants from selling merchandise financed by Harley-Davidson unless they

notify Harley-Davidson and remit the proceeds to Harley-Davidson, as required by the financing agreement. Dkt. 16-1.

The purpose of the March 8 hearing was to determine whether the TRO should be expanded to include all of Harley-Davidson's requested relief, continued in its current form, or simply dissolved. At the hearing, defendants did not seriously dispute Harley-Davidson's allegations that defendants had breached their financing agreement and owed Harley-Davidson hundreds of thousands of dollars. They also did not ask the court to lift the TRO. Instead, they argued that the TRO was adequate in its current form to protect Harley-Davidson's interests.

For its part, Harley-Davidson maintained its request that defendants be enjoined from selling any collateral that it had financed. But Harley-Davidson did not deny that issuing such an injunction would have catastrophic consequences for defendants' businesses, essentially requiring them to close. Neither side identified any significant merchandise that defendants sold that was not financed by Harley-Davidson.

Harley-Davidson admitted at the hearing that defendants have been complying with the court's order since it issued. Harley-Davidson contrasted this relatively short amount of time with the months that defendants failed to make payments. The point is well taken, but an injunction cannot remedy any past harm. The question before the court now is whether Harley-Davidson has shown that it will be irreparably harmed if the court does not require defendants to stop selling financed merchandise. So long as defendants continue complying with the order, the court concludes that Harley-Davidson cannot make that showing.

So the court will maintain the injunction in its current form for the time being. Because defendants have now had an opportunity to be heard, the court will convert the TRO into a

preliminary injunction. If defendants fail to comply with the injunction, Harley-Davidson may move the court for additional relief, including sanctions for contempt.

ORDER

IT IS ORDERED that the court's temporary restraining order, Dkt. 16-1, is CONVERTED into a preliminary injunction.

Entered March 8, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge