IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARLEY-DAVIDSON CREDIT CORP.,

                Plaintiff,

v.

JHD HOLDINGS INC., H2D MOTORCYCLE
VENTURES LLC, and SARA J. POMEROY,

                Defendants.

OPINION and ORDER

19-cv-155-jdp

---

Plaintiff Harley-Davidson Credit Corp. sued defendants JHD Holdings Inc., H2D Motorcycle Ventures LLC, and Sara J. Pomeroy for breach of contract, multiple types of fraud, and conversion. The court may exercise jurisdiction under 28 U.S.C. § 1332 because Harley-Davidson has alleged that there is complete diversity of citizenship and the amount in controversy is greater than $75,000.

Defendants now move to dismiss Harley-Davidson's claims for fraud, check fraud, inventory financing fraud, and conversion under Federal Rule of Civil Procedure 12(b)(6). For the reasons explained below, the court will grant the motion in part and deny it in part.

ALLEGATIONS OF FACT

Harley-Davidson Credit Corp. is a floorplan lender. It is incorporated and has its principal place of business in Nevada. Defendants JHD and H2D are dealers of Harley-Davidson motorcycles. JHD is incorporated and has its principal place of business in Wisconsin. Sarah J. Pomeroy is the sole the sole member of H2D. She is domiciled in Florida, but the H2D dealership is located in Wisconsin.

As a floor plan lender, Harley-Davidson extends credit to dealers for the purchase of goods, such as new and used motorcycles, for sale at Harley-Davidson dealerships. Harley-Davidson has a financing agreement with both JHD and H2D. Defendant Pomeroy signed a continuing guaranty in connection with both financing agreements.

In the fall of 2018, defendants began selling their merchandise and retaining the proceeds rather than using those proceeds to repay their loans to Harley-Davidson, as required by the agreement. Defendants also lied to Harley-Davidson in several ways to induce Harley-Davidson to continue advancing credit to defendants. These actions included falsely promising and scheduling payments, prescheduling payments that were canceled or pushed back, issuing fraudulent checks, and sending a falsified screenshot of a wire-transfer.

The court will discuss additional allegations as they become relevant to the analysis.

ANALYSIS

**A. Motion to dismiss standard**

Defendants have moved to dismiss Harley-Davidson's claims under Rule 12(b)(6). Generally, all that is required by federal pleading rules is "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The question is "simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015). To satisfy the plausibility requirement the complaint must have "enough details about the subject-matter of the case to present a story that holds together." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 526 (7th Cir. 2015) (citation and quotations omitted).

Under Rule 9(b), a party alleging fraud must state with particularity the circumstances constituting fraud. This means that the plaintiff must allege the "'who, what, when, where, and how' of the fraud." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) (citations omitted). Requiring this level of particularity "force[s] the plaintiff to do more than the usual investigation before filing [a] complaint." *Camasta v. Jos. A. Bank. Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) (citations and internal quotations omitted).

The parties do not dispute that Rule 8 applies to Harley-Davidson's conversion claim and Rule 9 applies to the fraud claims. In reviewing both types of claims, the court construes the complaint in the light most favorable to Harley-Davidson, accepting the well-pleaded facts as true and drawing all reasonable inferences in Harley-Davidson's favor. *Burke v. 401 N. Wabash Venture, LLC*, 714 F.3d 501, 504 (7th Cir. 2013).

**B. Choice of law**

A threshold question is which state's law applies to the fraud and conversion claims. Defendants rely on Illinois law in their briefs; Harley-Davidson cites both Wisconsin and Illinois law. But neither side explains why Illinois law might apply. When neither side conducts a choice of law analysis, the general rule is that the law of the forum state applies. *See RLI Ins. Co. v. Conseco, Inc.*, 543 F.3d 384, 390 (7th Cir. 2008). In any event, the court concludes that Wisconsin law should apply to the claims at issue.

In determining which state's substantive law applies in a diversity case, a federal court generally looks to the choice of law rules of the state in which it sits—in this case, Wisconsin. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496 (1941); *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014). Under Wisconsin law, there is a presumption that the law of the forum state applies unless it is clear that the contacts in the

3

non-forum state are of greater significance than the contacts in the forum state. *Drinkwater v. Am. Family Mut. Ins. Co.*, 2006 WI 56, ¶ 40, 290 Wis. 2d 642, 714 N.W.2d 568; *State Farm Mut. Auto Ins. Co. v. Gillette*, 2002 WI 31, ¶ 51, 251 Wis. 2d 561, 641 N.W.2d 662. In this case, the dealerships that are the focus of the dispute are both located in Wisconsin. The parties do not identify any contacts the case has with Illinois. Although the parties' financing agreements have an Illinois choice of law provision, that provision does not state that it applies to tort claims. *See* Dkt. 1-1, § 9.e. *See also Kuehn v. Children's Hosp.*, 119 F.3d 1296, 1302 (7th Cir. 1997) (choice of law provision "will not be construed to govern tort as well as contract disputes unless it is clear that this is what the parties intended"). Because it is not clear that Illinois has greater contacts with this case than Wisconsin, the court will apply Wisconsin law.

## C. Merits

Defendants make one general argument, which is that all of Harley-Davidson's tort claims should be dismissed because they are breach of contract claims "masquerading" as tort claims. But defendants cite no authority for the view that a plaintiff may not bring a contract and tort claim at the same time. Defendants may mean to invoke the economic loss doctrine, which is "a common law doctrine created by the courts to recognize that contract law and the law of warranty are better suited than tort law to deal with purely economic loss between two contracting parties." *Stuart v. Weisflog's Showroom Gallery, Inc.*, 2008 WI 86, ¶ 106, 311 Wis. 2d 492, 543, 753 N.W.2d 448, 473. But the contours of the doctrine are not always well defined. Because neither side discusses the economic loss doctrine, the court declines to consider whether it applies to this case. But defendants are free to raise the issue in a motion for summary judgment.

1. **Common law fraud**

Harley-Davidson doesn't clearly identify in its brief all the conduct that it believes was fraudulent. But from reviewing both the complaint and the brief, the court understands Harley-Davidson to be alleging that defendants committed fraud in the following ways:

(1) JHD and H2D sold inventory financed by Harley-Davidson without first paying off the debt to Harley-Davidson, which Harley-Davidson calls making a "sale out of trust," Dkt. 1, ¶¶ 28, 30, 54;

(2) JHD and H2D sent electronic payments to Harley-Davidson knowing that they would be returned for insufficient funds, *id.*, ¶¶ 33, 35, 37, 46, 64;

(3) JHD and H2D falsely represented that they would use a wire transfer to compensate for the insufficient funds, *id.*, ¶ 39;

(4) H2D falsely represented that it had transferred money to Harley-Davidson two days earlier, *id.*, ¶ 49;

(5) JHD and H2D scheduled electronic payments, but later postponed those payments, *id.*, ¶ 68.[1]

None of these allegations relate to misrepresentations made by defendant Pomeroy and Harley-Davidson doesn't explain why it believes that Pomeroy can be held liable for another defendant's misrepresentations. So the court will grant defendants' motion to dismiss as to Pomeroy.

A claim for fraud (also called intentional representation) has five elements in Wisconsin: (1) the defendant made a factual representation; (2) which was untrue; (3) the defendant either made the representation knowing it was untrue or made it recklessly without caring whether it was true or false; (4) the defendant made the representation with intent to defraud and to

---

[1] In its brief, Harley-Davidson also discusses new alleged conduct occurring after Harley-Davidson filed its complaint. Dkt. 42, at 11. Because Harley-Davidson didn't amend its complaint or file a supplement in accordance with Federal Rule of Civil Procedure 15, the court hasn't considered those allegations.

5

induce another to act upon it; and (5) the plaintiff believed the statement to be true and relied on it to his/her detriment. *Kaloti Enterprises, Inc. v. Kellogg Sales Co.*, 2005 WI 111, ¶ 12, 283 Wis. 2d 555, 569, 699 N.W.2d 205, 211.

The only element that defendants challenge is the first one. Defendants say that a future promise does not qualify as a misrepresentation of fact. Although defendants rely on Illinois case law for that proposition, Wisconsin has the same rule. *See Chitwood v. A.O. Smith Harvestore Prod., Inc.,* 170 Wis. 2d 622, 631, 489 N.W.2d 697, 702 (Ct. App. 1992) ("[T]he false representation must relate to present or preexisting facts and cannot be merely unfulfilled promises or statements of future events."). And Harley-Davidson doesn't contend that fraud applies to statements about the future. Because claims (3) and (5) listed above relate to statements of future events, the court will grant defendants' motion as to those claims.

Defendants also say that Harley-Davidson did not satisfy the particularity requirements of Rule 9(b). The court agrees as to claim (1) because the complaint doesn't identify any misrepresentations of fact that any of the defendants made to Harley-Davidson in the context of making sales out of trust. Harley-Davidson includes an allegation in its complaint that "an SOT requires that the dealer misrepresent to the lender the items it has sold," Dkt. 1, ¶ 27, but Harley-Davidson doesn't explain what that means and it fails to provide a single example of such a misrepresentation. Such a conclusory allegation does not satisfy Rule 9(b).

This leaves Harley-Davidson's allegations that JHD and H2D sent electronic payments to Harley-Davidson that were returned for insufficient funds and that H2D falsely represented that it had transferred money to Harley-Davidson. Harley-Davidson has satisfied Rule 9 as to those claims by identifying which defendants were responsible for these actions, what each defendant did, when each defendant did it, how they did it, and how much money was

6

involved. Defendants do not identify any additional information that Harley-Davidson was required to plead, so the court will deny defendants' motion as to this aspect of the claim for common law fraud.

   2. **Check fraud**

Harley-Davidson also raises a claim under Wis. Stat. § 943.245(1m), which creates civil liability when the defendant: (1) issued a worthless check or order; and (2) knew, should have known, or recklessly disregarded the fact that the account had insufficient funds or was otherwise worthless. *Id.* This claim relies on some of the same allegations as Harley-Davidson's common law fraud claim, namely, that defendants issued electronic payments to Harley-Davidson while knowing that they didn't have sufficient funds to make the payments and misrepresented that they had initiated a wire transfer to cover the payments not completed due to insufficient funds.

Defendants don't deny that the electronic payments and wire transfer qualify as a "check" or "order" under the statute, so the court doesn't consider that issue. Instead, defendants seek dismissal of this claim on two grounds: (1) Harley-Davidson didn't identify a legal basis for this claim in the complaint; and (2) the complaint does not provide sufficient notice of the claim. The first contention fails because Harley-Davidson wasn't required to plead legal theories in its complaint. *See Hatmaker v. Mem'l Med. Ctr.*, 619 F.3d 741, 743 (7th Cir. 2010). The second contention fails for the same reason that defendants' challenge to the common law claim fails: the court has concluded that Harley-Davidson satisfied Rule 9(b) as to its allegations that JHD and H2D represented that they made electronic payments and wire transfers while knowing that they didn't have sufficient funds to honor those payments.

7

The court will deny defendants' motion to dismiss the claim under Wis. Stat. § 943.245(1m).

### 3. Inventory financing fraud

Again, the allegations related to this claim overlap with Harley-Davidson's claim for common law fraud. Specifically, Harley-Davidson alleges that JHD and H2D sold inventory financed by Harley-Davidson without first paying off the debt to Harley-Davidson. But Harley-Davidson hasn't identified a statute that defendants violated by making sales out of trust, so this is just a restatement of the claim for common law fraud. Because the court has concluded that Harley-Davidson's allegations about sales out of trust didn't satisfy Rule 9, this claim must be dismissed.

### 4. Conversion claim

Defendants' challenge to this claim is limited to the contention that Harley-Davidson has failed to show that it had "a right to a specific fund or specific money in coin or bills." *Horbach v. Kaczmarek*, 288 F.3d 969, 975 (7th Cir. 2002). But *Horbach* relies on Illinois law, so it's not instructive. In Wisconsin, a conversion claim requires (1) the intentional control or taking of property belonging to another; (2) without the owner's consent; which (3) resulted in serious interference with the owner's right to possess the property. *See H.A. Friend & Co.*, 720 N.W.2d at 100; *see also Methodist Manor of Waukesha, Inc. v. Martin*, 2002 WI App 130, 255 Wis. 2d 707, 647 N.W.2d 409, 412 ("[M]oney may also be converted."). Harley-Davidson's complaint contains factual allegations that support each of these basic elements.

First, the complaint alleges that defendants intentionally retained control of property, in this case money, that belonged to Harley-Davidson. Second, Harley-Davidson alleges that

defendants did so without its consent. Third, it is reasonable to infer from these allegations that these actions resulted in a serious interference with Harley-Davidson's right to possess the money. Because the complaint contains sufficient details supporting the basic elements of a cause of action for conversion, the court will deny defendants' motion to dismiss the conversion claim, with one exception. Again, Harley-Davidson doesn't point to any actions by Pomeroy related to this claim, so the court will dismiss the claim against her.

ORDER

IT IS ORDERED that the motion to dismiss filed by JHD Holdings Inc., H2D Motorcycle Ventures LLC, and Sara J. Pomeroy, Dkt. 33, is GRANTED as to the following claims: (1) all fraud and conversion claims against defendant Pomeroy; and (2) the fraud claims based on future events and making sales out of trust. The motion is otherwise DENIED.

Entered July 19, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge