IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HARLEY-DAVIDSON CREDIT CORP.,

              Plaintiff,

v.

JHD HOLDINGS INC., a Wisconsin Corporation, H2D MOTORCYCLE VENTURES LLC, a Delaware limited liability company, SARA J. POMEROY, an individual, ERIC POMEROY, an individual, POMEROY FAMILY LIMITED LIABILITY LIMITED PARTNERSHIP, a Florida limited partnership, PARADISE MANAGEMENT GROUP LLC, a Florida limited liability company, NOVO RISK MANAGEMENT LLC, a Delaware limited liability company, NOVO FINANCIAL HOLDINGS LLC, a Delaware limited liability company, CFO AVIATION LLC, a Florida limited liability company, INSPECTION RESOURCE MANAGEMENT LLC, a Florida limited liability company, ERIC POMEROY, AS TRUSTEE OF THE ERIC POMEROY REVOCABLE LIVING TRUST, and SARA POMEROY, AS TRUSTEE OF THE SARA POMEROY REVOCABLE LIVING TRUST,

              Defendants.

OPINION and ORDER

19-cv-155-jdp

---

This case was closed in August 2020, when the court approved the parties' consent judgment of approximately $5 million dollars against defendants. Dkt.101. Defendants now move to: (1) stay enforcement of the judgment in light of a bankruptcy petition filed by defendants Eric Pomeroy and Sarah Pomeroy; and (2) stay depositions of the Pomeroys that are scheduled for December 3, 2020 (presumably related to enforcement of the judgment). Dkt. 107.

The Bankruptcy Code requires an automatic stay of any judicial "proceeding against the debtor." 11 U.S.C. § 362(a)(1). This means that plaintiff Harley-Davidson Credit Corp.

may not take any actions to enforce the judgment in this case against the Pomeroys individually, including by deposing them. But defendants did not file a suggestion of bankruptcy for most of the entity defendants, so, on its face, § 362(a)(1) doesn't apply to those defendants because they are not one of the debtors.

Defendants contend that the stay should apply to all of them because Harley-Davidson alleged in its complaint that the entity defendants are alter egos of the Pomeroys. They rely on *Matter of Fernstrom Storage & Van Co.*, 938 F.2d 731, 736 (7th Cir. 1991), which noted the holding in *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), that the stay may be extended to third parties when there are "unusual circumstances," including that "there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor." The Seventh Circuit didn't decide whether to adopt the Fourth Circuit's rule because the party hadn't satisfied it, even if it did apply. *See also Fox Valley Const. Workers Fringe Ben. Funds v. Pride of Fox Masonry & Expert Restorations,* 140 F.3d 661, 666 (7th Cir. 1998) (again concluding that party didn't meet the standard from *A.H. Robins*).

This court need not decide whether *A.H. Robins* is controlling in this circuit. Even if it is, defendants' argument fails for two reasons. First, the argument rests on the premise that Harley-Davidson has alleged that the entity defendants are alter egos of the Pomeroys. That's incorrect. The complaint alleges only that the Pomeroys fraudulently transferred assets into the entity defendants to avoid their obligations to Harley-Davidson. *See* Dkt. 85, ¶¶ 124–31. The complaint doesn't allege that the entity defendants are alter egos of the Pomeroys. The complaint does allege that the Pomeroys are members of the entity defendants, but that's not

enough. *See, e.g., Luppino v. York*, 562 B.R. 894 (W.D. Tex. 2016); *Fratelli Cosulich Unipessoal, S.A. v. Specialty Fuels Bunkering, LLC*, No. CIV.A. 13-00545-KD-C, 2014 WL 2611547, at *8 (S.D. Ala. June 11, 2014). After all, one purpose of creating a limited liability company is to make the owners and the company legally distinct. *See Kreisler v. Goldberg,* 478 F.3d 209, 213 (4th Cir. 2007).

Second, *A.H. Robins* isn't based solely on § 362(a)(1). Rather, the court also relied on 11 U.S.C. § 105, which gives the bankruptcy court the authority to issue injunctions that are "necessary or appropriate to carry out the provisions" of the bankruptcy code. For this reason, if defendants want the automatic stay to include non-debtors, they must first seek relief with the bankruptcy court. *See Patton v. Bearden,* 8 F.3d 343, 349 (6th Cir. 1993) ("Even if we were to adopt the unusual circumstances test, the bankruptcy court would first need to extend the automatic stay under its equity jurisdiction."). *Accord In re Chugach Forest Prod., Inc.,* 23 F.3d 241, 247 n.6 (9th Cir. 1994); *Paulson v. Two Rivers Water & Farming Co.*, No. 19-CV-02639-PAB-NYW, 2020 WL 1078859, at *3 (D. Colo. Mar. 6, 2020); *Klinkenborg Aerial Spraying & Seeding Inc. v. Rotorcraft Dev. Corp.*, No. CV 12-202-M-DLC-JCL, 2014 WL 12725980, at *4 (D. Mont. Aug. 18, 2014). But the plain language of § 362(a)(1) doesn't allow this court to do so.

The bottom line is that the automatic stay precludes Harley-Davidson from enforcing its judgment against the Pomeroys. But the stay doesn't stop Harley-Davidson from enforcing the judgment against the entity defendants, including by deposing the Pomeroys for the purpose of enforcing the judgment against entity defendants that haven't filed their own bankruptcy petitions.

ORDER

IT IS ORDERED that defendants' motion to stay enforcement of the judgment and to stay the depositions of Sarah Pomeroy and Eric Pomeroy, Dkt. 107, is GRANTED in part and DENIED in part. Enforcement of the judgment is stayed as to Sarah Pomeroy and Eric Pomeroy, but not as to the entity defendants (except for H2D Motorcycle Ventures LLC and JHD Holdings, Inc., which previously filed bankruptcy petitions, Dkt. 78). Harley-Davidson is free to depose the Pomeroys as part of its effort to enforce its judgment against the entity defendants.

Entered December 3, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge